Paige, Administrator, etc., vs. Fagan, imp.

*November 29 — December 16, 1884.*

Estates of Decedents. *Action by administrator to bar claim of dower: Validity of marriage how determined.*

An executor or administrator cannot, under sec. 3832, R. S., maintain an action against a person claiming to be the widow of the decedent to bar her from claiming dower in the real estate, on the ground that the alleged marriage was invalid. *It seems* that the question of the validity of the marriage may be raised upon an application for license to sell the real estate.

APPEAL from the County Court of *Winnebago* County. The plaintiff appealed from an order sustaining a demurrer to the complaint, interposed by the defendant *Mary*

*E. Fagan* (otherwise known as *Mary E. Paige*). The facts sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *George W. Burnell,* and for the respondent on that of *Cottrill & Faben.*

COLE, C. J. The learned counsel for the plaintiff states the object of this suit as follows: The complaint, he says, is a bill *quia timet* to clear the title to a certain piece of land in Winnebago county, of the value of $3,500. The plaintiff brings the suit as administrator of the estate of Simon B. Paige, deceased. It is alleged that Simon B. Paige was a resident of the city of Davenport, Iowa, where he died intestate, owning the land in question; that the deceased was wholly insolvent at the time of his death; that his total assets were less than $18,000, and that his debts proved and allowed by the probate court of Winnebago county amounted to $223,000; that it is necessary for the administrator to proceed at once according to the statute, and make sale of the real estate to pay the debts of the deceased; that the defendant claims to be the widow of Simon B. Paige, and, as such, that she is entitled to her dower interest in the lands, and threatens to enforce her claim; that by reason of such claim it is impossible for the plaintiff to sell such lands at anywhere near their actual value. It is then alleged that the defendant is not the widow of Simon B. Paige; that about two months before his death a marriage ceremony was performed between him and the defendant, but that the same was wholly void for the reason that the defendant had another husband then living from whom she had never been legally divorced. The relief asked is that the defendant be forever barred from asserting or setting up any claim or title to the premises in any manner whatever.

The second ground of demurrer taken to the complaint is that it does not state facts sufficient to constitute a cause of

action. This is the only point which will be considered upon this appeal. This action is certainly novel in its scope and object. Its real purpose is to determine whether the defendant is the lawful widow of Simon B. Paige, so as to be entitled to dower in any real estate of which he died seized. The plaintiff, as administrator, seeks to litigate that question in this manner. By what right or authority can he maintain a suit for that purpose? It is claimed that complete authority is given him to bring the suit by sec. 3832, R. S. That provision, in effect, gives the right and makes it the duty of the administrator or executor, in case of a deficiency of assets in his hands to pay all debts, to bring any proper action to recover any real or personal property which the deceased may have conveyed in his life-time with the intent to defraud his creditors. The personal representative, for the benefit of creditors, is permitted to impeach such fraudulent conveyance. But it must be obvious that this provision has no proper application to the facts stated in the complaint. There was no conveyance made by Simon B. Paige with intent to defraud creditors which is attacked here. On the contrary, the title to the real estate was in him when he died. But it is said when the defendant married the plaintiff's intestate by a ceremony apparently legal, she became endowed with an interest in all his lands, and that this amounted to a conveyance of a dower interest to her. The right of dower does not attach upon a marriage void in law, as it is alleged the marriage of the defendant with the deceased was. But still, should the administrator, under the form of a bill to quiet title, litigate such a question as whether the defendant had a former husband living from whom she had not been lawfully divorced when she married his intestate? There are proper proceedings for litigating such a question, in which all necessary parties can be brought before the court. If the administrator may in this manner litigate the question of the validity of de-

fendant's marriage, why could he not do the same thing in case the estate were solvent, providing it was necessary to sell lands for the payment of the debts of Simon B. Paige?

We are inclined to think, under the provisions of our statute, the question as to the validity of the marriage might be raised on an application for a license to sell the real estate to pay debts. The statute seems to contemplate that all persons interested in the estate shall have an opportunity of being heard on such an application, and that the question whether the lands which are licensed to be sold are subject to the right of dower should be determined. See secs. 3877, 3885, 3890, R. S. The two latter sections clearly imply that the probate court has the power to determine a disputed right to dower on the application for license. The jurisdiction of that court in the settlement of estates is very extensive, and we see no sufficient ground for denying its power to determine whether, in a particular case, the real estate sought to be sold is subject to dower or not.

It follows from these views that the order sustaining the demurrer to the complaint must be affirmed.

*By the Court.*— Order affirmed.